Case 1:25-cv-00478-KD-C   Doc# 1-2   Filed 11/21/25   Page 1 of 10   PageID# 1149
DOCUMENT 172
ELECTRONICALLY FILED
10/22/2025 9:50 AM
02-CV-2024-902978.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
ASHLEIGH LONG, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| SANDY BAY OYSTER CO., INC., BARRY WYATT d/b/a FIREFLY LANDING OYSTER COMPANY, and BAMA BAY OYSTER FARM, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>CARTER'S CONTRACTING SERVICES, INC., A CLOSE CORPORATION; WEEKS MARINE, INC.; GREAT LAKES DREDGE & DOCK COMPANY, LLC; A, B, C, and/or D, the company, firm, person, or entity who did negligently or wantonly dredge in violation of industry standards or by creating excessive turbidity and sediment to cover nearby oyster farms; E, F, G, and/or H; the company, firm, person, or entity who did create a nuisance by dredging activities creating excessive turbidity and sediment to cover nearby oyster farms; I, J, K, and/or L the company, firm, person, or entity who did cause a trespass by dredging activities creating excessive turbidity and sediment to cover nearby oyster farms;<br><br>Defendants. | CIVIL ACTION NO: CV-2024-902978 |

## **SECOND AMENDED COMPLAINT**

COMES NOW the Plaintiffs, Sandy Bay Oyster Co., Inc. and Barry Wyatt d/b/a Firefly Landing Oyster Company by and through their undersigned attorneys, and file this Amended Complaint to add Plaintiff Bama Bay Oyster Company, LLC, and amend the factual allegations, so the Complaint shall read in its entirety as follows:

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| SANDY BAY OYSTER CO., INC., BARRY WYATT d/b/a FIREFLY LANDING OYSTER COMPANY, and BAMA BAY OYSTER FARM, LLC | CIVIL ACTION NO: CV-2024-902978 |
| Plaintiffs, | |
| vs. | |
| CARTER'S CONTRACTING SERVICES, INC., A CLOSE CORPORATION; WEEKS MARINE, INC.; GREAT LAKES DREDGE & DOCK COMPANY, LLC; A, B, C, and/or D, the company, firm, person, or entity who did negligently or wantonly dredge in violation of industry standards or by creating excessive turbidity and sediment to cover nearby oyster farms; E, F, G, and/or H; the company, firm, person, or entity who did create a nuisance by dredging activities creating excessive turbidity and sediment to cover nearby oyster farms; I, J, K, and/or L the company, firm, person, or entity who did cause a trespass by dredging activities creating excessive turbidity and sediment to cover nearby oyster farms; | |
| Defendants. | |

## COMPLAINT

COMES NOW the Plaintiff in the above-styled matter and brings this action against the Defendants as follows:

### PARTIES AND VENUE

1. Plaintiff Sandy Bay Oyster Company, Inc. ("Sandy Bay"), is a Domestic Limited Liability Company, authorized to grow, harvest, process, and sell oysters in the State of Alabama, County of Mobile and throughout the United States of America.

2.  Plaintiff Barry Wyatt, d/b/a Firefly Landing Oyster Company ("Firefly"), is a sole proprietorship authorized to grow, harvest, process, and sell oysters in the State of Alabama, County of Mobile and throughout the United States of America.

3.  Plaintiff Bama Bay Oyster Farm, LLC ("Bama Bay"), is a Domestic Limited Liability Company authorized to grow, harvest, process, and sell oysters in the State of Alabama, County of Mobile and throughout the United States of America.

4.  Defendant Carter's Contracting Services, Inc., a close corporation ("CCS"), is an Alabama corporation that conducted dredging operations and constructed rock breakwaters along the Dauphin Island Causeway on or around the fall 2023 and into to summer 2024.

5.  Defendant Weeks Marine, Inc., a New Jersey corporation, dredged, pumped, or displaced millions of cubic yards of sand from a borrow area southwest of Dauphin Island to restore the beach and dunes at the east end of Dauphin Island. Additionally, Weeks Marine, Inc., is in the process of "maintenance dredging" throughout Mobile Bay's ship channel.

6.  Defendant Great Lakes Dredge & Dock Company, LLC ("GLDD"), an Illinois corporation, is the nation's largest provider of dredging services and was dredging and widening the Mobile Bay ship channel 2023 to 2025.

7.  The defendants were all conducting large dredging operations simultaneously. GLDD, Weeks Marine and CCS are hereinafter collectively known as "Defendants."

**FACTUAL ALLEGATIONS**

8.  Plaintiff Sandy Bay is an oyster farmer. It farms oysters in raised cages in Sandy Bay, located in Alabama.

9. Plaintiff Firefly is an oyster farmer. It farms oysters in Mobile Bay, located within one-mile of the primary operations of CCS.

10. Plaintiff Bama Bay is an oyster farmer. It farms oysters in Mobile Bay.

11. Each oyster farm has its own unique and individual manner of raising oysters. Each oyster farm has its own unique manner of marketing, selling, and distributing oysters.

12. Sandy Bay oyster farm has millions of oysters.

13. Firefly oyster farm has hundreds of thousands of oysters.

14. Bama Bay oyster farm has hundreds of thousands of oysters.

15. Each oyster farmer suffers mortality, on average, of 25-30 percent per annum.

16. On or beginning in the spring of 2023 and into the winter of 2024, Defendants were performing operations including, but not limited to, dredging, sediment removal, and sediment relocation, with such activities continuing to this present day.

17. On or beginning around May 2024, Plaintiff Sandy Bay noticed massive and sudden losses to its oyster crops at a rate exceeding 50 percent in a matter of weeks.

18. On or beginning around January 11, 2024, Plaintiff Firefly noticed massive and sudden losses to its oyster crop. Plaintiff ultimately lost 100% of his crop. Plaintiff also suffered a 100% loss of the ability to plant additional crop. Plaintiff is not making a claim against GLDD. Plaintiff, Firefly, is making a claim against CCS only.

19. On or beginning around May 2025, Plaintiff Bama Bay Oysters noticed massive and sudden losses to its oyster crops. Plaintiff ultimately lost 99% of her crop.

20. The dredging operations of the Defendants created massive amounts of

sediment displacement without proper mitigation procedures.

21. Excessive turbidity and sediment smother the oysters and increase population mortality.

22. As a proximate result of Defendants' aforementioned conduct causing massive amounts of sediment and turbidity created by these dredging projects, local wind and current conditions transported the disturbed sediment, silt, and sand and deposited it inside the oysters. As a proximate result of those factors, significant oyster mortality resulted on Plaintiffs' oyster farms above and beyond natural mortality rates.

## COUNT I
## (Negligence)

23. Plaintiffs Sandy Bay and Bama Bay incorporate by reference all preceding paragraphs as though fully set forth herein and state further as follows:

24. Defendants negligently failed to discharge their duties and obligations to neighboring oyster farming operations.

25. Defendants negligently created excessive turbidity at the project site and negligently caused Sandy Bay's and Bama Bay's oyster crop to be contaminated with sediment and silt.

26. As a proximate consequence of defendants' negligence, Plaintiffs Sandy Bay and Bama Bay have been damaged as aforesaid, jointly and severally.

WHEREFORE, Plaintiffs Sandy Bay and Bama Bay demand judgment against Defendants, jointly and severally, for compensatory damages in an amount exceeding this Court's minimum jurisdictional limit, plus the costs of this action.

## COUNT II
## (Wantonness)

27. Plaintiffs Sandy Bay and Bama Bay incorporate by reference all preceding paragraphs as though full set forth herein and state further as follows:

28. Defendants have wantonly failed to discharge their duties and obligations neighboring oyster farming operations.

29. Defendants have wantonly created excessive turbidity at the project site and wantonly caused Plaintiffs Sandy Bay's and Bama Bay's oyster crop to be contaminated with sediment and silt.

30. As a proximate consequence of defendants' wantonness, Plaintiffs Sandy Bay and Bama Bay have been damaged as aforesaid, jointly and severally.

WHEREFORE, Plaintiffs Sandy Bay and Bama Bay demand judgment against Defendants for compensatory and punitive damages, jointly and severally, in an amount exceeding this Court's minimum jurisdictional limit, plus the costs of this action.

## Count III
### (Nuisance)

31. Plaintiffs Sandy Bay and Bama Bay incorporate by reference all preceding paragraphs as though fully set forth herein and state further as follows:

32. Defendants' aforesaid conduct causing Sandy Bay's and Bama Bay's oysters to be contaminated with sediment and silt constitutes a nuisance under Section 6-5-120, Ala. Code 1975.

33. As a proximate consequence of the nuisance, Plaintiffs Sandy Bay and Bama Bay have been damaged as aforesaid, jointly and severally.

WHEREFORE, Plaintiffs Sandy Bay and Bama Bay demands judgment against Defendants, jointly and severally, for compensatory damages in an amount exceeding this Court's minimum jurisdictional limit, plus the costs of this action.

## Count IV
### (Trespass)

34. Plaintiffs Sandy Bay and Bama Bay incorporate by reference all preceding paragraphs as though fully set forth herein and states further as follows:

35. Plaintiffs Sandy Bay and Bama Bay have lawful possession of the property where the harvest Oysters on or around Sandy Bay, Alabama, and Mobile Bay, Alabama.

36. Defendants did cause certain silt, sand, and sediment to enter Plaintiffs property without their consent.

37. As a proximate result of Defendants' entry onto the property of Sandy Bay and Bama Bay, Plaintiffs' farming operations have suffered damages.

WHEREFORE, Plaintiffs Sandy Bay and Bama Bay demand judgment against Defendants, jointly and severally, for compensatory damages in an amount exceeding this Court's minimum jurisdictional limit, plus the costs of this action.

## COUNT V
### (Negligence as to Carter's Contracting)

38. Plaintiff Firefly incorporates by reference paragraphs 1-22 as though fully set forth herein and states further as follows:

39. Defendant Carter's Contracting negligently failed to discharge its duties and obligations to neighboring oyster farming operations.

40. Defendant Carter's Contracting negligently created excessive turbidity at the project site and negligently caused Plaintiff Firefly's oyster crop to be contaminated with sediment and silt.

41. As a proximate consequence of Defendant Carter's Contracting's negligence, Plaintiff Firefly has been damaged as aforesaid.

WHEREFORE, Plaintiff Firefly demands judgment against Defendant Carter's

Contracting for compensatory damages in an amount exceeding this Court's minimum jurisdictional limit, plus the costs of this action.

## COUNT VI
### (Wantonness as to Carter's Contracting)

42. Plaintiff Firefly incorporates by reference paragraphs 1-22 and 38-41 as though fully set forth herein and states further as follows:

43. Defendant Carter's Contracting has wantonly failed to discharge its duties and obligations to neighboring oyster farming operations.

44. Defendant Carter's Contracting has wantonly created excessive turbidity at the project site and wantonly caused Plaintiff Firefly's oyster beds to be contaminated with sediment and silt.

45. As a proximate consequence of Defendant Carter's Contracting's wantonness, Plaintiff Firefly has been damaged as aforesaid.

WHEREFORE, Plaintiff Firefly demands judgment against Defendant Carter's Contracting for compensatory and punitive damages in an amount exceeding this Court's minimum jurisdictional limit, plus the costs of this action.

## Count VII
### (Nuisance as to Carter's Contracting)

46. Plaintiff incorporates by reference paragraphs 1-22 and 38-45 as though full set forth herein and states further as follows:

47. Defendant Carter's Contracting's aforesaid conduct causing Plaintiff Firefly's oyster beds to be contaminated with sediment and silt constitutes a nuisance under Section 6-5-120, Ala. Code 1975.

48. As a proximate consequence of the nuisance, Plaintiff Firefly has been damaged as aforesaid.

WHEREFORE, Plaintiff Firefly demands judgment against Defendant Carter's Contracting for compensatory damages in an amount exceeding this Court's minimum jurisdictional limit, plus the costs of this action.

## Count VIII
### (Trespass as to Carter's Contracting)

49. Plaintiff Firefly incorporates by reference paragraphs 1-22 and 38-48 as though full set forth herein and states further as follows:

50. Plaintiff Firefly has lawful possession of the property where it harvests Oysters on or around Mobile Bay, Alabama.

51. Defendant Carter's Contracting did cause certain silt, sand, and sediment to enter Plaintiff Firefly's land without its consent.

52. As a proximate result of Defendant Carter's Contracting's entry onto the property of the Plaintiff Firefly's farming operations, Plaintiff Firefly suffered damages.

WHEREFORE, Plaintiff Firefly demands judgment against Defendant Carter's Contracting for compensatory damages in an amount exceeding this Court's minimum jurisdictional limit, plus the costs of this action.

Respectfully Submitted,

*/s/ Martin H. Cunningham*
W. BRADFORD KITTRELL
MARTIN H. CUNNINGHAM
*Counsel for Plaintiffs*

**OF COUNSEL:**
ANDY CITRIN INJURY ATTORNEYS, P.C.
Post Office Box 2187
Daphne, Alabama 36526
Telephone: (251) 888-8400
Facsimile: (251) 888-8000
brad@citrinlaw.com
brett@citrinlaw.com
*Counsel for Plaintiffs*



JORDAN W. GERHEIM
OUTSIDE CHIEF LEGAL, LLC
56 S. Conception Street
Mobile, AL 36602
Telephone: (251) 322-1816
Facsimile: (251) 257-1848
jordan@outsidechieflegal.com
*Counsel for Sandy Bay Oysters*



**DEFENDANTS MAY BE SERVED VIA CERTIFIED AS FOLLOWS:**

Carter's Contracting Services, Inc., a close corporation
c/o Cindy Edson
23263 Harmony Church Road
Andalusia, AL 36421

Weeks Marine, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Great Lakes Dredge & Dock Company, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104