UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SANDY BAY OYSTER CO., INC., et al. ) ) ) **Plaintiffs,** ) ) vs. ) ) CARTER'S CONTRACTING ) SERVICES, INC., et al. ) ) **Defendants.** ) | Case No.: 1:25-CV-25-0478-KD-C |

# PLAINTIFFS' BRIEF REGARDING
# IMMUNITY AFFIRMATIVE DEFENSE

## INTRODUCTION

Plaintiffs' Motion to Remand (doc. 12) does not turn on whether Defendant Great Lakes properly pled an affirmative defense in its answer filed on April 7, 2025, in state court, but on whether that pleading demonstrates Great Lakes' knowledge that the facts triggering an option for federal officer removal under 28 U.S.C. §1442 were present, thereby starting the 30-day removal clock. By asserting an immunity affirmative defense, in conjunction with the allegations in the initial Complaint and First Amended Complaint together with Defendant's own discovery responses, Great Lakes held knowledge that federal officer jurisdiction was available, at the very latest, in July 2025. Thus, its removal attempt in late November of 2025 was untimely.

## RULE OF LAW

Courts have long recognized that the assertion of an affirmative defense is not a meaningless procedural formality, but a representation that the pleading party possesses a good-

1

faith basis grounded in known or reasonably ascertainable facts. Rule 8(c) states, "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver." FRCP R. 8(c). Although not enumerated in Rule 8(c), non-sovereign immunities are routinely treated as affirmative defenses that must be pled under Rule 8(c). See, e.g., Cox v. Nobles, 15 F.4th 1350, 1357 (11th Cir. 2021) (noting that qualified immunity is an affirmative defense); Mordkofsky v. Calabresi 159 Fed. Appx. 938, 939 (11th Cir. 2005) ("[J]udicial immunity is an affirmative defense.") Alabama Rules of Civil Procedure are consistent with the Federal Rules. See, e.g., *Atlas Rental Prop., LLC v. City of Ctr. Point*, 422 So. 3d 80, 85 n.2 (Ala. 2025) ("State-agent immunity is an affirmative defense.") (citing *Alabama State Univ. v. Danley*, 212 So. 3d 112, 131 (Ala. 2016)); *Lightfoot v. Floyd*, 667 So. 2d 56, 64 (Ala. 1995) (" 'Qualified immunity [now referred to as State-agent immunity] is an affirmative defense that the defendant must raise and prove . . . .' ") (bracket in original); *Phillips v. United States*, Civil Action No. 23-0140-WS-MU, 2023 U.S. Dist. LEXIS 193931, *9 and n.6 (S.D. Ala. Oct. 30, 2023) (observing that "Alabama precedent deems statutory immunities to be affirmative defenses", including worker's compensation employer immunity, worthless check immunity, qualified immunity, and recreational use immunity) (citations omitted).

Additionally, Courts have recognized that filings under Rule 11(b) carry a duty of investigation and diligence, requiring the signer to ensure that the claims, defenses, and affirmative defenses are supported by law and evidence. Ala. R. Civ. P. 11 states, in relevant part:

> Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record . . . . The signature of an attorney constitutes a certificate by the attorney that the attorney has read the pleading, motion, or other paper; that to the best of the attorney's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay.

Ala. R. Civ. P. 11.[1]  In *Lowery v. Ala. Power Co.*, 483 F. 3d 1184, 1220 (11th Cir. 2007) , the Court of Appeals for the Eleventh Circuit placed significant weight on counsel's pleading representations precisely because such pleading representations had been made under the strictures of Ala. R. Civ. P. 11, which the Eleventh Circuit concluded required "good faith" on the part of counsel, "We accordingly presume that the plaintiffs' original demand of $1,250,000 reflected counsels' good faith assessment of the full value of their claims at the time. We likewise must presume, however, that the plaintiffs' amended, unspecified demand clause also reflects counsels' revised good-faith determination regarding damages."  Fed. R. Civ. P. 11(b) states, "By presenting to the court a pleading, written motion, or other paper, whether by signing, filing, submitting, or later advocating it, an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

---

[1] Ala. R. Civ. P. 11 tracks the original text of Fed. R. Civ. P. 11 at its adoption in 1938.

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

Fed. R. Civ. P. 11(b)(1) – (4).

Pleadings, including affirmative defenses, are subject to Rule 11's certification requirements, ensuring that parties present only arguments, facts, and defenses that can be reasonably justified.

In the 11th Circuit, courts have recognized that the purpose of Rule 8(c), Affirmative Defenses, is to "guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan v. United States Postal Service*, 842 F. 2d 260, 263 (11th Cir. 1988). Similarly, Federal Rule of Civil Procedure 8(c)'s requirement that an affirmative defense be stated in a responsive pleading "is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Grant v. Preferred Rsch., Inc.*, 885 F. 2d 795, 797 (11th Cir. 1989) (citing *Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350, 28 L. Ed. 2d 788, 91 S. Ct. 1434 (1971)).

Additionally, the 11th Circuit Court emphasized in *Beasley v. O'Reilly Auto Parts*, "Therefore, while there is some debate over how much is required for a defendant to sufficiently

plead an affirmative defense, a defendant nevertheless '**must have an informed basis** for asserting affirmative defenses in order to satisfy Rule 11.'" *Beasley v. O'Reilly Auto Parts*, No. 1:20-00092-N, 2021 U.S. Dist. LEXIS 245468, at *3 (S.D. Ala. Mar. 10, 2021) *citing* 1 Steven S. Gensler & Lumen N. Mulligan, Federal Rules of Civil Procedure, Rules [*4] and Commentary, Rule 8 (2021 ed.). *Accord, e.g., Unicredit Bank AG v. Bucheli*, No. 10-2436-JWL, 2011 U.S. Dist. LEXIS 103104, 2011 WL 4036466, at *5 n. 3 (D. Kan. Sept. 12, 2011); *Firetrace USA, LLC v. Jesclard*, No. CV-07-2001-PHX-ROS, 2009 U.S. Dist. LEXIS 2972, 2009 WL 73671, at *2 (D. Ariz. Jan. 9, 2009).

Pleading affirmative defenses also represents that there is a good-faith possibility the defendant will rely on them; to assert defenses on which a defendant has no intention of relying would clearly violate Rule 11's prohibition against presenting pleadings for an "improper purpose, such as to… cause unnecessary delay or needlessly increase the cost of litigation" by compelling the plaintiff to pursue unnecessary discovery related to those defenses. *Beasley v. O'Reilly Auto Parts*, No. 1:20-00092-N, 2021 U.S. Dist. LEXIS 245468, at *4 (S.D. Ala. Mar. 10, 2021).

## ANALYSIS

As the undisputed timeline in this case demonstrates, Great Lakes' reliance on *Ayotte* is misplaced. *Ayotte* addressed the 30-day removal clock for federal officer jurisdiction, holding that a defendant's notice of removability is not triggered until the defendant receives information that establishes the basis for federal jurisdiction. Here, however, Great Lakes was aware, based on the face of the initial Complaint (filed November 15, 2024), the First Amended Complaint (filed on March 19, 2025), and its own Answer to the First Amended Complaint (filed on April 7, 2025), and its own discovery (produced in July 2025), that it could assert federal officer removal based on immunity at the absolute latest in July 2025. Unlike in *Ayotte*, where the defendant lacked

knowledge of the specific military products at issue, the defense here had knowledge of long-identified facts showing its work was directed by the federal government, and it affirmatively pled a government contractor immunity defense in its answer. In Great Lakes' Answer to the First Amended Complaint (April 7, 2025), Great Lakes claimed in the Affirmative Defenses:

> 9. This Defendant is immune from the claims asserted.
>
> 16. This Defendant's actions/inactions were approved by the State and/or federal regulatory agencies, and thus do not give rise to a nuisance claim.

Rule 8(c) and Rule 11(b) further reinforce that a party asserting an affirmative defense represents it has a good-faith basis grounded in known or reasonably ascertainable facts. By waiting months to remove the case, the defense cannot rely on *Ayotte*'s rationale. This case demonstrates precisely the scenario that Rule 11 seeks to prevent, asserting a legally and factually grounded affirmative defense, yet delaying removal.

The record clearly demonstrates that the defense had sufficient knowledge to remove the case long before November 2025, making their reliance on the *Ayotte* standard incorrect. *Ayotte* states, "Thus, a defendant could assert a government contractor defense "based only on the **possibility** that a federal contract would be at issue." *Ayotte v. Boeing Co.*, 316 F. Supp. 3d 1066, 1076 (N.D. Ill. 2018). There was no mere possibility in the current matter. It was clear, to Great Lakes, from the outset that federal officer jurisdiction was an option because the allegations in the initial Complaint and First Amended Complaint sought damages from Great Lakes based on its dredging operations in the Mobile Bay Shipping Channel during timeframes in which Great Lakes had, in fact, conducted dredging operations in the Mobile Bay Shipping Channel under federal contracts. It would be mistaken to conclude from the surrounding circumstances that Great Lakes

viewed its work under federal supervision as merely a possibility. Great Lakes claimed the immunity affirmative defenses in its April 7, 2025 Answer in good faith and with good reason.

The original Complaint, filed November 15, 2024, plainly stated that Great Lakes' dredging operations in Mobile Bay were at issue, and Great Lakes itself acknowledged that nearly all the months of operations were subject to federal oversight, except two days of emergency subcontract work.

Following the state court's hearing and denial of Great Lakes' Motion to Dismiss, filed January 3, 2025, Plaintiff filed an Amended Complaint on March 19, 2025, explicitly aligning the timing of Great Lakes' dredging operations with the period later confirmed to be under federal officer supervision, Spring of 2023.

Great Lakes then produced discovery in July 2025, providing concrete documentation of federal supervision for nearly all dredging days/months in that period. By the time Great Lakes filed its Notice of Removal in late November 2025, nearly eight months after the Amended Complaint and nearly four months after producing discovery, it had indisputably possessed the facts necessary to assert federal officer jurisdiction no later than July 2025. This timeline makes clear that Great Lakes had a firm basis to remove far earlier, contrary to the rationale applied in *Ayotte*, which involved a lack of knowledge of specific military products until much later in the litigation.

Lastly, 28 U.S.C. §1446 removal timeframe does apply to 28 U.S.C. §1442. Defendant claimed *Loftin v. Rush* was determinative that §1446 did not apply to §1442. This is incorrect. *Loftin* illustrates a rare, case-specific departure. In *Loftin*, the government removed a garnishment action after the 30-day deadline, but the court excused the untimeliness because the United States Navy was not a typical party and the default judgment against it was void.

The court emphasized that, "While we **emphatically disapprove** of the government's tardiness, we will not order this cause remanded on technical grounds. The judgment entered against the government officer was **void**. Mrs. Loftin had **no remedy** by which she could collect the judgment of $37,966 as a lump sum against the Navy… The state court **exceeded its authority** in entering a judgment greater than that allowed by the statutes. The Department of Justice through the United States Attorney could have filed an original declaratory action in the United States District Court to have the judgment declared **void**. We could consider the petition for removal as such an action or alternatively hold that the timeliness requirement in 28 U.S.C. §1446(b) is not binding on the government **under the facts here**. We hold the latter." *Loftin v. Rush*, 767 F. 2d 800, 805 (11th Cir. 1985) (*vacated on other grounds by Quakenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S.Ct. 1712, 1718-20 (1996), as noted in *Ariail Drug Co. v. Recomm Int'l Display*, 122 F. 3d 903, 933 (11th Cir. 1997)) .

This current case does not involve a mere "technical violation", nor does it involve a void state court judgment that needs to be vacated by this federal court, but rather involves a straightforward disregard by Great Lakes for the clear requirements of §1446(b).

**WHEREFORE**, these reasons, Plaintiffs respectfully request that the Court grant their motion to remand and remand this action to the Circuit Court of Mobile County, Alabama, for adjudication.

Respectfully Submitted,

*/s/ Martin H. Cunningham*
MARTIN H. CUNNINGHAM
W. BRADFORD KITTRELL
SARAH J. LINDSAY

Counsel for Plaintiffs

**OF COUNSEL:**

Andy Citrin Injury Attorneys, P.C.
Post Office Box 2187
Daphne, Alabama 36526
Telephone: 251.888.8181
Facsimile: 251.888.8000
Martin@citrinlaw.com
Brad@citrinlaw.com
Sarahjane@citrinlaw.com
Counsel for Plaintiffs


JORDAN W. GERHEIM
Outside Chief Legal, LLC
56 S. Conception Street
Mobile, AL 36602
Telephone: 251.322.1816
Facsimile: 251.257.1848
Jordan@outsidechieflegal.com
Counsel for Sandy Bay Oysters

## CERTIFICATE OF SERVICE

I do hereby certify that on February 3, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM-ECF system which will send notification of such filing to the following:

Norman M. Stockman
Hand Arendall Harrison Sale LLC
P.O. Box 123
Mobile, Alabama 36601
(251) 432-5511
Nstockman@handfirm.com
Counsel for Great Lakes Dredge & Dock Company, LLC

Allen E. Graham, Esq.
Aryne E. Hudson, Esq.
Phelps Dunbar LLP
101 Dauphin Street, Suite 1000
Mobile, Alabama 36602
Teeto.Graham@phelps.com
Aryne.Hudson@phelps.com
Counsel for Weeks Marine, Inc.

Donald C. Partridge, Esq.
John D. Rhames, Esq.
Maron Marvel Bradley Anderson & Tardy LLC
1111 Dauphin Street
Mobile, Alabama
Dpartridge@maronmarvel.com
Jrhames@maronmarvel.com
Counsel for Carter's Contracting Services, Inc.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Martin H. Cunningham