**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| SANDY BAY OYSTER CO., INC., et al.,       ) ) ) | |
|     **Plaintiffs,**       ) ) | |
| **v.**               ) ) | **CIVIL ACTION NO.:** **1:25-cv-00478-KD-C** |
| **CARTER'S CONTRACTING SERVICES, INC., et al.,**   ) ) ) | |
|     **Defendants.**      ) | |

<u>**ORDER**</u>

This cause is before the Court on the Plaintiffs' Motion to Seal (Doc. 14), which seeks to place under seal certain records produced in discovery by Defendant Great Lakes Dredge & Dock Company, LLC ("Great Lakes") as confidential in the underlying state court action. (*See* Doc. 14, PageID.2946). Upon consideration of the motion, it is determined for the reasons stated herein that the motion should be **DENIED**.

"[T]he judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (citations omitted). The Local Rules for the Southern District of Alabama require a party who seeks a sealing order to file an unsealed written motion that contains "[a] generic, non-confidential identification of the document to be sealed," "[t]he basis upon which the party seeks the order, including the reasons why alternatives to sealing are

1

inadequate," and "[t]he duration for which sealing is requested." S.D. Ala. GenLR 5.2(2)(A)-(C).[1] The moving party must also attach to their motion "a proposed unsealed order granting the motion and setting forth the basis for the Court's action" and "file, *in camera and under seal*, the document proposed to be sealed." S.D. Ala. GenLR 5.2(2). However, in addition to those requirements, and under the circumstances here, the Court must also consider public access to courts because "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007).

The common law right of access may only be overcome by a showing of good cause. *Romero,* 480 F.3d at 1246. The good cause "standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). When considering that balancing test, the *Romero* Court stated as follows:

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Plaintiffs have asked the Court to restrict public access to certain records produced by Great Lakes in discovery because the records were marked as confidential. A review of the record shows that on June 3, 2025, an agreed protective order was entered in the underlying case pending in the

---

[1] Pursuant to S.D. Ala. GenLR 5.2(d)(5), the Clerk will unseal documents 120 days from the date of entry of the sealing order, unless the Court by order provides otherwise.

Circuit Court for Mobile County, Alabama. (*See* Doc. 1-5, PageID.1594-1605). There is no protective order in place in this federal action but even if the records were subject to a protective order here, "[t]he mere existence of a protective order does not automatically override the public's right of access." *Chicago Tribune,* 263 F.3d at 1313. "[I]nstead, the party seeking to maintain secrecy 'must establish good cause for continued protection under Rule 26.'" *Id*.

Since the Plaintiffs seek to seal exhibits to a substantive pretrial motion, those documents are subject to the common law right of access. *See Romero*, 480 F.3d at 1245. The Plaintiffs' justification for sealing the documents (totaling 245 pages) is too general and insufficient to overcome the public access to courts. As the party seeking to keep the exhibits private, the Plaintiffs must make a "particularized showing that the Rule 26 good cause balancing test is satisfied with respect to each sealed item." *Church v. Accretive Health, Inc.*, No. CV 14-0057-WS-B, 2015 WL 7572338, at *2 (S.D. Ala. Nov. 24, 2015), *aff'd*, 654 F. App'x 990 (11th Cir. 2016) (citing "*Suell v. United States*, 32 F. Supp. 3d 1190, 1192 (S.D. Ala. 2014)). The Motion to Seal also does not meet the requirements of S.D. Ala. GenLR 5.2(b)(2)(B), as it does not actually state a basis upon which Plaintiffs seek the order, including why alternatives to sealing the documents would be inadequate.

Having reviewed the motion, it does not appear necessary to seal all documents or every word of each document. The Court will consider redaction of specific information contained in the documents that fall within certain categories that the Plaintiffs claim would justify sealing. Therefore, if the Plaintiffs wish to refile the motion to include a request for redaction, they may do so but must set forth in detail, on an item-by-item basis, precisely which materials and information they claim should be redacted, identifying the specific reason(s) for the redaction.

Accordingly, the Plaintiffs' Motion to Seal is **DENIED without prejudice** with leave to

refile its motion in compliance with the requirements of this Order not later than February 26, 2026.

      **DONE** and **ORDERED** this 13th day of February 2026.

                                  **s/WILLIAM E. CASSADY**
                                  **UNITED STATES MAGISTRATE JUDGE**